UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ADRIAN GONZALEZ,
and DULCE LAGUNAS,

        Plaintiffs,

  v.

                                          Case No. 20-cv-1812-pp

EMILY E. THOMS,
CODILIS MOODY & CIRCELLI PC,
and DEUTSCHE BANK NATIONAL TRUST COMPANY,

        Defendants.

**ORDER DENYING PLAINTIFFS' MOTION FOR EMERGENCY HEARING (DKT. NO. 5), DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (DKT. NO. 7), GRANTING DEFENDANTS' MOTIONS TO DISMISS (DKT. NOS. 10, 11) AND DISMISSING CASE WITHOUT PREJUDICE**

On December 8, 2020, Adrian Gonzalez and Dulce Lagunas, residents of Oklahoma City, filed a "5.5 million dollar civil complaint for wrongful foreclosure, breach of contract" and "the attorney's assets." Dkt. No. 1. The plaintiffs allege that they suffered damages when the defendants wrongfully foreclosed on their property located at 1141 Whiterock Ave., Waukesha, Wisconsin. Id. at 1. Among other things, the plaintiffs allege that the state court lacked jurisdiction to decide their foreclosure case and assert that "a foreign must file their claim in Federal Court for the court to have proper jurisdiction." Id.

After paying the filing fee, the plaintiffs filed a motion titled "Judicial Temporary Restraining Order—Permanent-Injunction & Demand for an

1

Emergency Hearing Due to the Pending Lawsuit in this Federal Court," seeking "to force the Banks attorneys, the realtors and the property Management Companies to cease and decease all foreclosure and eviction efforts until the pending title dispute is settled by this court." Dkt. No. 5 at 1. They asked the court to vacate or "make moot" any judgments or orders issued by the "lower State court." Id. The same day—January 19, 2021—the plaintiffs filed documents indicating that on December 8, 2020, they had served each defendant through the United States Postal Service. Dkt. No. 6. Asserting that the defendants had been properly served, the plaintiffs asked the court to enter default judgment as to each defendant. Dkt. No. 7.

On April 16, 2021, the defendants filed motions to dismiss based on improper service. Dkt. Nos. 10, 11. The plaintiffs filed a single brief in opposition to both motions to dismiss, arguing that the defendants were attempting to "cloud the issues with an issue totally irrelevant to this case" and asserting that there were only two "jurisdictions" under which this court could operate—"Common Law, and Admiralty Jurisdiction"—and demanding that the court proceed under "Common Law Jurisdiction." Dkt. No. 13 at 2.

The plaintiffs filed this federal complaint while the state court foreclosure case was pending; the plaintiffs paid the federal filing fee, mailed their complaint to the defendants and filed a second case in state court. Those actions have created a procedural quagmire.

I.  **Plaintiffs' Judicial Temporary Restraining Order—Permanent-Injunction & Demand for an Emergency Hearing Due to the Pending Lawsuit in this Federal Court (Dkt. No. 5)**

As mentioned above, shortly after filing their complaint, the plaintiffs filed a motion for injunction and restraining order under Rule 65, seeking "to force the Banks attorneys, the realtors and the property Management Companies to cease and decease [sic] all foreclosure and eviction efforts until the pending title dispute is settled by this court." Dkt. No. 5 at 1. They also asked that the court "vacate or make moot any judgments or orders from the lower state court." Id.

The court located the foreclosure case through Wisconsin Circuit Court Access website. Deutsche Bank National Trust Company v. Adrian Gonzalez *et al.,* Waukesha County Circuit Court Case No. 2020CV000523 (available at https://wcca.wicourts.gov). Defendant Attorney Emily Thoms, one of the attorneys representing Deutsche Bank, works for the law firm of Codilis, Moody & Circelli, another of the defendants; Thoms and Codilis, Moody have filed one of the two motions to dismiss. Deutsche Bank—the third defendant, and other party that has filed a motion to dismiss—filed the summons and complaint in the state foreclosure case on March 19, 2020. Deutsche Bank National Trust, Case No. 2020CV000523 (available at https://wcca.wicourts.gov). During a December 1, 2020 motion hearing, the state court heard Gonzalez and Lagunas's objections, denied their motion to dismiss and granted Deutsche Bank's motion for judgment on the pleadings. Id. The court entered judgment on December 15, 2020; Attorney Codi Gratz filed a notice of Sheriff's Sale on

3

June 7, 2021. Id. The next day, Gonzalez filed a motion to void the foreclosure judgment. Id.

On June 10, 2021, Gonzalez attempted to remove the state court case to federal court. Id. The state court judge explained in a July 6, 2021 hearing that the case was proceeding in state court and no stay was in effect. Id. Gonzalez filed a motion to postpone the sale auction, which was denied in a hearing on August 11, 2021. Id. The state court ruled that it had jurisdiction, that judgment had been properly entered and that the assignment of the mortgage had been properly documented. Id. It appears that Gonzalez and Lagunas filed a separate complaint against Deutsche Bank on June 9, 2021 in Waukesha County Circuit Court. Gonzalez and Lagunas v. Deutsche Bank National Trust Company, Waukesha County Case No. 21CV0000867 (available at https://wcca.wicourts.gov). That case remains pending; Gonzalez recently filed his "proof of service by mailing a copy of the Summons and Complaint to Deutsche Bank National Trust Company on 08/26/21." Id.

Whether the plaintiffs file a complaint in federal court attacking the foreclosure case or attempt to remove the state court foreclosure case to federal court, this court lacks the authority to enjoin the state court from exercising its jurisdiction in a foreclosure case or hearing an appeal from the state court judgment. The Rooker-Feldman doctrine prevents federal district courts from adjudicating any claim challenging the state-court foreclosure judgment. Carpenter v. PNC Bank, Nat. Ass'n, 633 F. App'x 346, 348 (7th Cir. 2016) (citing Crawford v. Countrywide Home Loans, Inc., 647 F.3d 642, 646 (7th Cir.

4

2011)). The court will deny the motion for temporary restraining order and/or permanent injunction asking this federal court to interfere with, vacate or moot state court proceedings, orders or judgments.

**II. Plaintiffs' Motion for Default Judgment (Dkt. No. 7)
Defendants' Motions to Dismiss (Dkt. Nos. 10, 11)**

Rule 4(c) of the Federal Rules of Civil Procedure assigns the plaintiff the task of serving a summons and complaint.[1] Rule 4(m) gives the plaintiff ninety days to serve the defendants to avoid a possible dismissal. Rule 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Even though the plaintiffs are representing themselves, they are obligated to comply with the Federal Rules of Civil Procedure. McMasters v. United States, 260 F.3d 814, 818 (7th Cir. 2001) (*pro se* plaintiff was not excused from the requirements of Rule 4 regarding service on the defendants).

When a defendant challenges the manner of service through a motion to dismiss under Rule 12(b)(5), the plaintiff bears the "burden to demonstrate that the district court has jurisdiction over each defendant through effective

---

[1] When a plaintiff files a case and requests leave to proceed *in forma pauperis*, the court screens the complaint under 28 U.S.C. §1915(e)(2) and will order the U.S. Marshals Service to serve the defendants at the plaintiff's expense. Because the plaintiffs paid the filing fees, they were not subject to the screening requirement of 28 U.S.C. §1915(e)(2). Weinschenk v. Central Intelligence Agency, 818 F. App'x 557 (7th Cir. 2020).

5

service." Cardenas v. City of Chi., 646 F.3d 1001, 1005 (7th Cir. 2011). The service requirement exists to provide notice to the parties, encourage parties to diligently pursue their case and trigger the court's ability to exercise jurisdiction over the defendant. Id. at 1004-05. The court cannot "exercise personal jurisdiction over a defendant unless the defendant had been properly served with process and the service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and complaint." United States v. Ligas, 549 F.3d 497, 500 (7th Cir. 2008).

The plaintiffs have moved for default judgment because by January 19, 2021, the defendants had not filed answers to the December 8, 2020 complaint; the defendants have moved to dismiss for insufficient service of process. When serving an individual defendant, a plaintiff must (1) follow state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) (a) deliver a copy of the summons and complaint personally, (b) leave a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or (c) deliver a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e). Rule 4(h) instructs that a corporation may be served either by delivering a copy of the summons and complaint to an officer, director or managing agent of the business or in a manner permitted by the state where the corporation or district court is located. Fed. R. Civ. P. 4(h). If

6

the plaintiff fails to serve the defendants via a permissible method, the court lacks personal jurisdiction.

The plaintiffs filed their proof of service on January 19, 2021, indicating that they served each defendant via certified mail through the U.S. Post Office. Gonzalez mailed the summons and complaint through U.S. certified mail to Emily E. Thoms, 15W030 North Frontage Road Suite 200, Burr Ridge, IL 60527 on December 8, 2020. Dkt. No. 6 at 2. Gonzalez said he also mailed the summons and complaint to Deutsche Bank National Trust Co., 1 Mortgage Way, Mount Laurel, NJ 08054 on December 14, 2020. Id. at 4. Finally, Gonzalez said that he mailed the summons and complaint to Codilis, Moody & Circelli, P.C., 15W030 North Frontage Road Suite 200, Burr Ridge, IL 60527. Id. at 6.

Service by certified mail is not an acceptable first means of service on any of these defendants. Defendant Thoms is a resident of Illinois; Illinois law provides that an individual defendant may be served by leaving a copy of the summons with the defendant personally or by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode. 735 ILCS 5/2-203(a). Service on individual defendants through the United States Postal Service by certified mail is not permitted. Thompson v. Brown, No. 20 C 133,

2020 WL 6149580, *1 (N.D. Ill. Oct. 20, 2020) (finding service improper where individual defendants served through certified mail); Walton v. Lyons, 962 F. Supp. 126, 128 (C.D. Ill. 1997) ("The Federal Rules of Civil Procedure do not permit service of the summons and complaint by first class, or even certified, mail.").

Similarly, service on the defendant law firm is deficient. The law firm is an Illinois resident; under Illinois state law, a private corporation may be served "(1) by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State; or (2) in any other manner now or hereafter permitted by law." 735 Ill. Comp. Stat. Ann. 5/2-204. Service on a private corporation by certified mail is not allowed. Brown v. Bureaus Inv. Grp. Portfolio No. 15 LLC, No. 4:19-CV-38-TLS-APR, 2020 WL 4059196, at *3 (N.D. Ind. July 20, 2020) ("Neither Rule 4(h)(1) nor any other section of Rule 4 allows for serving an individual or private organization by certified mail."). There is no indication that the plaintiffs served an officer or agent of the law firm.

Finally, the plaintiff has not responded to Deutsch Bank's evidence that the plaintiffs served PHH Mortgage Corporation (the servicer of the mortgage) with a summons—not directed to anyone—and an incomplete notice of lawsuit using the U.S. Mail. Dkt. No. 11. Deutsch Bank, in its motion to dismiss, filed the certified mailing as Exhibit 1. The exhibit contains the service requirements provided by the Eastern District of Wisconsin, which explain that personal service is required or a signed waiver of service ("If the waiver (AO Form 399) is

8

not timely returned (at least 30 days from the date it is sent, or 60 days from that date if the defendant is addressed outside any judicial district of the United States), the plaintiff must serve process as provided in the rule, but the plaintiff is allowed to recover costs of service unless there is good cause for the failure to waive service of summons."). Dkt. No. 11-1 at 3. The plaintiffs sent a blank notice of a lawsuit, along with an incomplete notice of lawsuit and request to waive service of a summons to the corporation located at 1 Mortgage Way, in Mount Laurel, NJ. The business located at that address is PHH Mortgage Corporation—not Deutsche Bank. Dkt. No. 11.

The plaintiffs have provided no explanation or attempt to show good cause for the deficient service as to any of the defendants. The plaintiffs simply respond that the statutes must be "construed in harmony with Common Law." Dkt. No. 13 at 2. The plaintiffs add:

> We were not involved with an international maritime contract, so in good faith, we deny that such a contract exists, and demand the court proceed under Common Law Jurisdiction. We are only aware of two jurisdictions the court can operate under as per the Constitution, and are Common Law, and Admiralty Jurisdiction. If the court chooses to proceed under Admiralty Jurisdiction, We will need the court to inform us where we can find the rules of procedures for admiralty jurisdiction for our review, to avoid a violation of our due process , which will result in a civil claim against the court for obstruction of the administration of justice.

Dkt. No. 13 at 2. The plaintiffs suggest that if the court dismisses the case for "an issue totally irrelevant to the case, it will allow the natural and constitutional rights of the plaintiffs to continue to be violated in addition to the damages to the plaintiff being even greater." Id. at 3.

9

The plaintiffs are aware of the Federal Rules of Civil Procedure; they cited the rules in their motion for default judgment. Despite the plaintiffs' arguments to the contrary, service of process is not a "totally irrelevant issue;" it is a critical step in allowing this court to proceed.

There are other issues. The plaintiffs did not comply with Fed. R. Civ. P. 55 when they filed their motion for default judgment.[2] Rule 55(a) requires that before a plaintiff may seek default judgment, the plaintiff must ask the Clerk of Court to enter default by providing an affidavit or other document showing that the defendant was properly served and failed to answer. The plaintiffs did not properly seek default. The defendants filed the complaint on December 8, 2020. Federal Rule of Civil Procedure 12(a)(1)(A) allows a defendant twenty-one days from the date of being served with the summons and complaint to answer. But, as the court has found, the plaintiffs have not properly served any of the defendants, so the twenty-one-day deadline for the defendants to answer has not yet been triggered.

The most significant issue, however, is that the plaintiffs appear to be asking this court to intervene in on-going state lawsuits, and to overturn state court decisions. Contrary to the plaintiffs' assertions, the state court is not a "lower" court to the federal court. The federal court cannot enjoin the state court. There are multiple legal doctrines, developed over years of jurisprudence, discussing the limited circumstances in which a federal court may consider or

---

[2] The plaintiffs cited Rule 56(c) in their motion for default judgment. Dkt. No. 7. That motion governs *summary* judgment, not default judgment.

overturn a state-court judgment. The fact that a litigant in state court is dissatisfied with the result of the state-court litigation does not give a federal court jurisdiction or authority to reverse the state court's judgments or to intervene.

The court will dismiss the case without prejudice. A dismissal without prejudice means that the plaintiffs can file a new complaint. The court urges the plaintiffs to review this order carefully, and to use the guide to filing non-prisoner complaints without a lawyer in the United States District Court for the Eastern District of Wisconsin, which is located on the Eastern District of Wisconsin's website under the tab for Forms. https://wied.uscourts.gov/forms. The guide explains the federal court's jurisdiction and specifically states that the federal district courts do not review the decisions of state courts. Id. The plaintiffs cannot use a federal lawsuit to undermine the state court judgment or to interfere with the state court's ability to resolve cases before the state court. SKS & Assoc. v. Dart, 619 F.3d 674, 677 (7th Cir. 2010). The court also directs the plaintiffs to a guide for *pro se* litigants, which answers common questions, including questions about service under a tab titled "Representing Yourself." https://wied.uscourts.gov/guides-pro-se-litigants.

### III. Conclusion

The court **DENIES** the plaintiffs' motion for emergency hearing. Dkt. No. 5.

The court **DENIES** the plaintiffs' motion for default judgment as to all defendants. Dkt. No. 7.

The court **GRANTS** defendants Codilis Moody & Circelli and Emily Thoms's motion to dismiss. Dkt. No. 10.

The court **GRANTS** defendant Deutsche Bank National Trust Company's motion to dismiss. Dkt. No. 11.

The court **DISMISSES** this case without prejudice for lack of service. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 31st day of August, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

12

Case 2:20-cv-01812-PP   Filed 08/31/21   Page 12 of 12   Document 15